UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
NATIONAL DAY LABORER ORGANIZING :
NETWORK, ASIAN AMERICANS ADVANCING :  16 Civ. 387 (PAE)
JUSTICE – ASIAN LAW CAUCUS and the :
IMMIGRATION CLINIC OF THE BENJAMIN N. :  ORDER
CARDOZO SCHOOL OF LAW, :
 :
                                    Plaintiffs, :
 :
             -v- :
 :
UNITED STATES IMMIGRATION AND CUSTOMS :
ENFORCEMENT, U.S. CUSTOMS AND BORDER :
PROTECTION, UNITED STATES DEPARTMENT OF :
HOMELAND SECURITY, and the DEPARTMENT OF :
HOMELAND SECURITY'S OFFICE OF CIVIL :
RIGHTS AND CIVIL LIBERTIES, :
 :
                                    Defendants. :
 :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On March 5, 2015, plaintiffs submitted FOIA requests to defendants.  Compl. ¶ 66.  On January 19, 2016, Plaintiffs commenced this lawsuit, asserting that defendants had failed to comply with FOIA. *id.* ¶ 70.  After four years of litigation, defendants produced thousands of responsive records.  Dkt. 179 at 1, 28 n.11.  On January 31, 2020, defendants moved for summary judgment, Dkt. 164, as to the remaining disputed 206 records that defendants sought to withhold; and on April 16, 2020, plaintiffs filed a cross-motion.  Dkt. 173.  On September 14, 2020, this Court issued a decision, granting partial summary judgment for each side, and, as to a subset of records, directing defendants to make further filings as to these and/or submit such records for *in camera* review.  Dkt. 184.

On November 12, 2020, defendants notified the Court that the parties' outstanding dispute had been mooted in part by their release of certain of the outstanding records, including: DHS Doc. Nos. 10, 17, 34, 41, 46, 98, 117, and 118; ICE Doc. Nos. 34, 78, 79, 85, and 86; and CBP Doc. No. 1.  As plaintiffs agree that the parties' dispute as to these records is now moot, the Court hereby relieves the defendants of the directives in its decision related to these records.  *See* Dkt. 187.

Defendants also request that the Court modify its order directing ICE to release the records identified as ICE Doc. Nos. 41-42, 50-52, and 83, and instead permit ICE to provide these six records to the Court for *in camera* review.  *Id.*  Defendants explain that because the Court has separately directed that records relating to the same or similar subject matter—the monitoring of the Priority Enforcement Program for civil rights issues by CRCL—be submitted for *in camera* review as part of DHS's production, the Court should consider these records alongside the related DHS records.  *Id.*  Plaintiffs state that they "do not object to the Court reviewing, *in camera*, ICE Doc. Nos. 41-42, 50-52, and 83 to determine whether these documents (a) are the same or substantially similar to DHS Doc. Nos. 12, 13, and 25 and should be treated the same as DHS Doc. Nos. 12, 13, and 25; or (b) relate to the implementation of PEP and should be released per the Court's Opinion."  *Id.*  The Court therefore orders that Defendants submit these six records, ICE Doc. Nos. 41-42, 50-52, and 83, for *in camera review*.  The Court gives defendants until Wednesday, November 18, 2020 to do so.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: November 13, 2020
       New York, New York